**XIU MEI XUE and Yu Lian Liu, Petitioners,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Attorney General Gonzales,[1] Respondents.**

Nos. 04–0993(L)–ag, 04–0995(Con)–ag.

United States Court of Appeals, Second Circuit.

June 21, 2006.

Yee Ling Poon, New York, NY, for Petitioner.

Kenneth L. Wainstein, United States Attorney; District of Columbia; Madelyn Johnson, Katherine M. Kelly, Assistant United States Attorneys, Washington, D.C., for Respondent.

Present: DENNIS JACOBS, ROBERT D. SACK and RICHARD C. WESLEY, Circuit Judges.

**SUMMARY ORDER**

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Xiu Mei Xue and Yu Lian Liu ("Liu"), through counsel, petition for review of the BIA's February 2004 order affirming Immigration Judge ("IJ") Victoria Ghartey's decision denying their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history in this case.

This Court reviews an IJ's decision when the BIA affirms the decision of the IJ without opinion. *See Twum v. INS*, 411

---

1. Pursuant to Fed eral Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

F.3d 54, 58 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); see, e.g., Zhou Yun Zhang v. INS, 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

Even if Liu raised meritorious constitutional claims or questions of law regarding the IJ's pretermission of her asylum application on the basis that she failed to establish by clear and convincing evidence that she filed it within one year of her arrival in the United States, the Court need not reach these issues. As discussed below, substantial evidence supports the IJ's conclusion that Liu's testimony was not credible, and because Liu's asylum claim shares the same factual premise as her withholding of removal claim, she cannot establish eligibility for asylum as a matter of law. Cf. Iavorski v. INS, 232 F.3d 124, 134 (2d Cir.2000).

Substantial evidence supports the IJ's determination that Liu "failed to present credible and sufficient evidence to establish that she was forced to undergo sterilization" in China. The IJ accurately observed that the information Liu provided was "very inconsistent" with her husband Su Ping Xue's ("Xue") asylum application and addendum. Liu never mentioned having an abortion, specifically denied having to wear an IUD, and testified that she underwent sterilization in 1984. In contrast, Xue stated in his written application that Liu was forced to undergo an abortion and he was forced to undergo sterilization, and Xue maintained in his addendum that Liu was forced to undergo an abortion, had also undergone an IUD insertion, and was forcibly sterilized in 1989. The IJ acknowledged Xue's explanation for these discrepancies, that he had lied, but reasonably declined to accept it, given that Xue had the opportunity to correct his written application in the affidavit that he later submitted, but instead lied again. See Majidi v. Gonzales, 430 F.3d 77, 80 (2d Cir.2005) (emphasizing that an IJ is not required to credit an applicant's explanations even if they appear plausible on a cold record, but is required to take the explanations into account). Moreover, although Xue explained that he was encouraged by co-workers to "exaggerate" his claim in his written application, his assertion that he had been sterilized and not his wife was not merely an exaggeration, but a completely different account of events. Because Xue's case was "directly linked" to Liu's case, these discrepancies involved the crux of Liu's claim. See Secaida–Rosales v. INS, 331 F.3d 297, 308 (2d Cir.2003).

Additionally, substantial evidence supports the IJ's finding that Liu did not establish that she would be persecuted on account of her illegal departure from China. Because Liu's evidence with respect to her family planning claim was not credible, and because Liu failed to present any evidence that she personally would be targeted and detained due to having violated China's exit laws, the record supports the IJ's finding that Liu failed to present credible and sufficient evidence to establish that she was tortured in China or that it is more likely than not that she would be tortured in China.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appel-

late Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).